# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 17 2024
CLERK, U.S. DISTRICT COURT
By_____ Deputy

**Michel Watkins**
Plaintiff

v.

**The Victor / Jeffrey C. Hines /
Laura Hines-Pierce**
Defendant

Civil Action No. **3-24CV2353-N**

## COMPLAINT

* Attach additional pages as needed.

Date: September 3, 2024
Signature: Michel Watkins
Print Name: Michel Watkins
Address: 403 Frederick Street
City, State, Zip: Bastrop, La 71220
Telephone: 318-499-1713

I entered a contract and or consumer credit transaction on 6/4/24. The contract initiated by the blank collateral application "The Victor" 3039 Nowitzki way Dallas, Tx 75219 972-428-7013, offered and advertised housing to the consumer MICHEL WATKINS/principal 403 Frederick street Bastrop, La 71220 318-499-1713. Consumer then accepted the offer which is an agreement and initiation of a contract and the contract is based from the application. The consumer secured his performance in the contract by providing the blank application with value, securities and submitting it which consumer gave security interest to The Victor by way of application deposit. The consumer is the guaranteed principal of the application which entities consumer to refund and or guaranteed interest. Consumer also has already given security interest and made an advance payment on the rent which also entities consumer to the refund. The security collateral application #19225302 is guaranteed of principal and interest by the United States, and $84,000 is the value of the application deposit #19225302 and in no event shall it be less than because 5,600 x 15 months is on the face of the application #19225302 and 84,000 is the total sum of notes consumer applied for. The application was denied and according to Texas property code Section 92.351 "application deposit", the contract application agreement Disclosure section "2. Application deposit" and "Paragraph 7. Refund after non approval", All entitles consumer to be refunded all application deposits in the result of a denied application deposit. Not a partial refund of $500 application deposit fee. Consumer then went forth and gave 4 notices of the claim of interest sent certified mail to CEO JEFFREY C. HINES, LAURA HINES-PIERCE and CFO KEITH H. MONTGOMERY on 6/20/24 claim of interest, 7/2/24 opportunity to cure, 7/3/24 final opportunity to cure and 7/15/24 default judgement. The consumer was still denied, refused refund, safety and housing after the 4 claims of interest which is a violation, discrimination and breach of our contract terms and law. "The Victor" owes Consumer and Principal MICHEL WATKINS, a fiduciary duty to act in a way that will benefit consumer financially and to provide equity and guaranteed interest based from the contract we established from application #19225302. Consumer has already given security interest in the contract as

well as made an advance payment on the rent without needing 3 times income for rent. This supports consumer claims he is still owed because of the prepayment he already gave, but was denied and defrauded of guaranteed interest by The Victor willingly, knowingly and recklessly by only giving a partial refund from another application deposit fee consumer paid of $500 instead of refund on application deposit #19225302. My consumer bill of rights, which includes shelter and safety was denied and violated. Consumer would have used the total refund to find shelter and other essential needs like food, water and clothing, because of the refusal, violations and breach consumer and his family has been suffering due to being left homeless and stranded caused by Defendants. The consumer has the god given right to credit, capacity to contract, the equal chance for housing, the right to service, safety and right to choose, also the equal chance at the pursuit of happiness in life that is all being violated by The Victor/Hines. Consumer is also being discriminated against because of his income which does not make sense. Consumer should not have been denied housing based on income because his application deposit #19225302, has already made an advance payment on the rent and given security interest securing performance/payment on the contract without needing 3 times the rent. There is no law requiring a good credit score nor an income of 3 times the rent to be approved for anything, but there's a 2021 Texas law allowing consumers to use their security deposit instead of paying a monthly fee of rent which leaves consumer confused with hurt, disbelief and disappointment from the discriminatory practices. NOOR ALAJAMI Assistant manager of "THE VICTOR/HINES", stated to the consumer "The application was denied due to income" on 6/11/24. That is discrimination under the equal credit opportunity and fair housing act. The consumer has already given security interest and made an advance payment on rent through the application and has the capacity to contract. A person of a $1 million salary and a person of a $10k salary are no different, they both have the same equal chance at housing rights and the right to safety, service and choice no matter the situation. We entered a contract from the application that was offered to the consumer not a credit score or income. The Victor/Hines has breached the contract

violating its own agreement terms under the "fair housing section" for unfair, and discriminatory practices, Violating "2. Application deposit", and "7. Refund after non approval" of the contract terms, reasoning breach of contract for a refusal of a refund after denied application. The Victor also breached and violated section 92.351 of Texas Property Code for refusal of refund from denied application deposit #19225302. Also, violating Fed. Res. Act Section 29. Breach of contract by refusing refund and housing which is their fiduciary duties and obligations to benefit consumer aka principal finically within the contract results in violations and breach of contract. Fed. Reserve Act 29, entitles consumer to $1,000,000 for the breach and Consumer is seeking the entitled refund aka guaranteed interest of $84,000 he is still owed or Unit B3 3405 he applied for as well as $20,000 in damages for emotional distress, pain, despairing anguish and abuse from the fraudulent contract, unsafe, unfair and discriminatory practices that has breached the contract and left the consumer and his family homeless even after given 4 claims of interest notices and still being denied.

*[Signature]*

9-3-24

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MICHEL WATKINS

**DEFENDANTS**
The Victor / Jeffrey C. Hines / Laura Hines-Pierce

**(b)** County of Residence of First Listed Plaintiff: Morehouse
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

RECEIVED SEP 17 2024 KMB
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

[Nature of suit table — no selection marked]

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: Federal Reserve Act Section 29

Brief description of cause: Breach of Contract, Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $: $104,000
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: ___  DOCKET NUMBER: ___

DATE: 9-3-24
SIGNATURE OF ATTORNEY OF RECORD: ___

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Michael Watkins
403 Frederich Street
Bastrop, LA 71220

RECEIVED
SEP 17 2024
MAILROOM



Retail

U.S. POSTAGE PAID
FCM LETTER
MONROE, LA 71201
SEP 10, 2024
$1.01
R2304H108374-05



RDC 99



75242

Federal Courthouse/Clerk
1100 Commerce Street Room 1452
Dallas, TX 75242